UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE QUIMBY,<br><br>               Plaintiff,<br><br>   v.<br><br>THE KROGER CORPORATION, et al.,<br><br>               Defendants. | CASE NO. C23-1588 MJP<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 11.) Having reviewed the Motion, the Opposition (Dkt. No. 14), the Reply (Dkt. No. 18), and all supporting materials, the Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

**BACKGROUND**

Plaintiff Diane Quimby pursues one claim of negligence against Defendants The Kroger Corporation, Fred Meyer Stores, Inc., Matthew Ryan, Pat Doe Ryan, and Doe Maintenance Company. (Complaint (Dkt. No. 1-2).) Quimby alleges that she slipped on a metal grate in the

parking lot of a Fred Meyer in Bothell, which caused her kneecap to break in half. (Id. ¶¶ 4.9-4.12.) Quimby alleges that the Defendants owed a duty to inspect, maintain, and "provide reasonable safe and slip resistant walkways to its customers form the parking lot to inside the store." (Id. ¶¶ 4.2-4.3, 5.1-5.2.) Quimby alleges that Defendants failed to "ensure a reasonable and safe walkway to and from their store" and that she suffered injuries proximately caused by that failure. (Id. ¶¶ 5.3-5.4) As to Matthew Ryan ("Ryan"), Quimby alleges that he is the manager of the store at issue and was "responsible for ensuring the premises are safe and customers are protected from hazards, such as the slippery grate, at the store and its parking lot." (Id. ¶ 2.4.)

Quimby originally filed this action in King County Superior Court. Defendants removed the action, asserting that the Court has diversity jurisdiction. (Notice of Removal (Dkt. No. 1.) As to the diversity of citizenship, the Complaint alleges that Quimby is a resident of California, (Compl. ¶ 2.1), while Defendants assert in their Notice of Removal that Kroger and Fred Meyer are both Ohio corporations, while Ryan is a resident of King County, Washington, (Dkt. No. 1 at 3). Perhaps in tacit recognition of 28 U.S.C. § 1441(b)(2)'s forum defendant rule, Defendants assert without explanation that Ryan is "nominal defendant." (Id.) Quimby now seeks remand, arguing that she properly served and joined Ryan as a defendant and this action cannot be removed pursuant to the forum defendant rule of 28 U.S.C. § 1441(b)(2). She has also provided proof of service. (See Dkt. No. 19-1.)

## ANALYSIS

**A.      Legal Standard**

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal

bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

**B.      Forum Defendant Rule Bars Removal**

The Court agrees with Quimby that this matter cannot be removed under the forum defendant rule set out in 28 U.S.C. § 1441(b)(2).

Under the forum defendant rule, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). If properly joined and served, Ryan's presence as a defendant defeats removal under § 1441(b)(2). Defendants suggest that Ryan's presence should be ignored because he is only a "nominal defendant." (Dkt. No. 1 at 3.) That is because "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). But neither the Notice of Removal nor the opposition to the Motion to Remand sustains the argument that Ryan is a nominal defendant.

Nominal parties are those who "have no interest in the action," and are "merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) (quoting 13B

Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3606, at 409 & n. 2 (2d ed.1984)). "The paradigmatic nominal defendant is 'a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection.'" S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir.1998) (quoting S.E.C. v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991)).

Ryan cannot be considered a "nominal" defendant. Quimby alleges that Ryan individually owed her a duty as the store manager to maintain the premises safe and that he breached that duty. (Compl. ¶¶ 2.4, 4.3-4.3, 5.2-5.3.) While the allegations about Ryan's involvement are not detailed, they suffice to show that he is not named as a nominal defendant— someone named simply to ensure collection of a judgment if Quimby is successful. The negligence claim against Ryan seeks to impose liability on him individually, and the Court disagrees with Defendants' unsupported assertion that Ryan is merely a nominal defendant. Accordingly, the Court finds that removal was improper under 28 U.S.C. § 1441(b)(2) and GRANTS the Motion to Remand.

**C.     No Fraudulent Joinder**

Although Defendants did not invoke fraudulent joinder in their notice of removal, they now argue that Ryan was fraudulently joined as a defendant and that his presence should be disregarded in determining diversity jurisdiction. The Court disagrees.

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quotation and citation omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Ritchey v. Upjohn

1 | Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). "But if there is a <u>possibility</u> that a state court
2 | would find that the complaint states a cause of action against any of the resident defendants, the
3 | federal court must find that the joinder was proper and remand the case to the state court." <u>Id.</u>
4 | (citation and quotation omitted). And "[a] defendant invoking federal court diversity jurisdiction
5 | on the basis of fraudulent joinder bears a heavy burden since there is a general presumption
6 | against [finding] fraudulent joinder." <u>Id.</u> (citation and quotation omitted).

7 |     Defendants have failed to meet their heavy burden to demonstrate Ryan was fraudulently
8 | joined. Making no allegation of actual fraud, Defendants quibble with the adequacy of the
9 | allegations in the complaint against Ryan, suggesting that Quimby failed to identify "any specific
10 | personal liability against Mr. Ryan, or indeed any specific negligent act." (Opp. at 5.) This
11 | argument ignores the allegations in the Complaint. Quimby identifies Ryan as the store manager
12 | and alleges that he owed a duty to maintain the premises safe to those entering and exiting the
13 | store. (Compl. ¶ 2.4, 4.2-4.3, 5.2-5.3.) While the Complaint does not contain detailed allegations
14 | about Ryan's further acts or omissions, the Court finds that such information is not required to
15 | satisfy the pleading standard under Rule 8(a). While Ryan may well defeat liability, the Court
16 | cannot conclude that there is no possibility the state court would find the Complaint fails to state
17 | a claim against Ryan. <u>See</u> <u>Grancare</u>, 889 F.3d at 548. The Court therefore rejects Defendants'
18 | untimely-raised fraudulent joinder argument.

### CONCLUSION

20 |     Removal of this action violated the forum defendant rule set forth in 28 U.S.C. §
21 | 1441(b)(2). Quimby adequately alleges a claim against Ryan, who has been properly served and
22 | joined to this action. Because Ryan is a citizen of Washington and Defendants have failed to
23 | show he is either a nominal or fraudulently-joined defendant, Ryan's presence defeats removal

1  under § 1441(b)(2). Accordingly, the Court GRANTS Quimby's Motion and REMANDS this

2  action to King County Superior Court.

3     The clerk is ordered to provide copies of this order to all counsel.

4     Dated January 3, 2024.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING MOTION TO REMAND - 6